UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RAY MARTINEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JAIMEZ,<br><br>　　　　　Defendant. | Case No. 26-cv-00335-RFL<br><br>**ORDER OF SERVICE;**<br><br>**ORDER DIRECTING DEFENDANT TO FILE A DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION;**<br><br>**INSTRUCTIONS TO CLERK** |

Daniel Ray Martinez a state prisoner at Salinas Valley State Prison, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The Court reviewed the original complaint and found that Plaintiff stated a cognizable claim against Defendant Jaimez for excessive force, but the remaining Defendants, who were deliberately indifferent to his serious medical needs, were dismissed with leave to amend. (Dkt. No. 10 at 4.) Plaintiff was provided an opportunity to amend by March 10, 2026, to describe the specific actions of each medical Defendant. Plaintiff has not filed an amended complaint by the deadline or otherwise communicated with the Court.

When liberally construed, Plaintiff states an excessive force claim against Correctional Officer Jaimez. The remaining Defendants and claims are DISMISSED from this action. Jaimez shall file a response to the complaint, a dispositive motion, or a notice regarding such motion, on or before **August 3, 2026**.

### CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Court orders service on Correctional Officer Jaimez at Salinas Valley State Prison. The remaining claims and Defendants are DISMISSED from this action.

1

2. Service on this Defendant shall proceed under the California Department of Corrections and Rehabilitation's e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: the complaint (Dkt. No. 1) and its attachments; this order; a CDCR Report of E-Service Waiver form; and a summons. The Clerk also shall serve a copy of this order on Plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the Court which Defendant(s) listed in this Order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which Defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each Defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-285 Form. The Clerk shall provide to the USMS the completed USM-285 forms and copies of this Order, the summons and the complaint for service upon each Defendant who has not waived service.

3. On or before **August 3, 2026**, Defendant shall file a motion for summary judgment or other dispositive motion with respect to the claim(s) in the complaint found to be cognizable above.

a. If Defendant elects to file a motion to dismiss on the grounds Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendant shall do so in a motion for summary judgment, as required by *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

b. If Defendant is of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment

motion is due.

4.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than forty-five (45) days from the date Defendant's motion is filed.

5.      Defendant shall file a reply brief no later than fifteen (15) days after Plaintiff's opposition is filed.

6.      The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

7.      All communications by the Plaintiff with the Court must be served on Defendant, or on Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

8.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under the Federal Rule of Civil Procedure is required before the parties may conduct discovery.

Plaintiff is reminded that state prisoners may review all non-confidential material in their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App. 1974); 15 California Code of Regulations § 3370; and the CDCR's Department Operations Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1.  Requests to review these files or for copies of materials in them must be made directly to prison officials, not to the Court.

Plaintiff may also use any applicable jail procedures to request copies of (or the opportunity to review) any reports, medical records, or other records maintained by jail officials that are relevant to the claims found cognizable in this Order.  Such requests must be made directly to jail officials, not to the Court.

9.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

3

10.     Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

11.     A decision from the Ninth Circuit requires that *pro se* prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions, rather than when the Court orders service of process or otherwise before the motions are filed. *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir. 2012). Defendant shall provide the following notice to plaintiff when he files and serves any motion for summary judgment:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-963 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated: March 27, 2026

RITA F. LIN
United States District Judge