UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DANIEL RAY MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>JAIMEZ, et al.,<br><br>Defendants. | Case No. 26-cv-00335-RFL<br><br>**ORDER OF SERVICE;**<br><br>**ORDER DIRECTING DEFENDANT TO FILE A DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION;**<br><br>**INSTRUCTIONS TO CLERK**<br><br>Re: Dkt. Nos. 20, 21 |

Daniel Ray Martinez a state prisoner at Salinas Valley State Prison, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On February 4, 2026, the Court dismissed the complaint with leave to file an amended complaint by March 10, 2026. (Dkt. No. 10.) The Court found that Plaintiff stated a claim of excessive force against one Defendant but dismissed the deliberate indifference to serious medical needs claim against several Defendants. At the time, the Court believed that it had not received an amended complaint; therefore, the medical claims were dismissed, and service was ordered on the excessive force claim. (Dkt. No. 12.) Plaintiff filed a motion for reconsideration and argued that he had in fact sent the Court an amended complaint. (Dkt. No. 13.) Although the Court was unable to locate it, the motion for reconsideration was granted, and Plaintiff was provided an extension to file an amended complaint. (Dkt. No. 14.) The Clerk's Office then discovered that Plaintiff had indeed filed an amended complaint as required, but the Clerk's Office had failed to timely docket it. (Dkt. No. 16.) Soon after, Plaintiff timely filed an amended complaint. (Dkt. No. 17.) The Court is following up with the Clerk's Office to find out the reason for this error, and to ensure that it is corrected in the future for Plaintiff and others. The Court now reviews Plaintiff's new amended

1

complaint (Dkt. No. 17), pursuant to 28 U.S.C. § 1915A(a).

When liberally construed, Plaintiff states a claim for deliberate indifference to serious medical needs against Dr. Lam, Dr. Clark, Bright, and Pagulaya.  The remaining Defendants are DISMISSED from this action.  Defendants shall file a response to the complaint, a dispositive motion, or a notice regarding such motion, on or before **August 3, 2026**.[1]

<b>DISCUSSION</b>

**A.      Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v.*

---

[1] Once the new Defendants are served, they may request to extend the dispositive motion deadline in coordination with the previously served Defendant.

*Atkins*, 487 U.S. 42, 48 (1988).

## B.    Plaintiff's Allegations

Plaintiff alleges as follows: On March 15, 2025, he was shot in the hand with a non-lethal round.  (Dkt. No. 17 at 2.)  An X-ray indicated that his finger was fractured, and he received five sutures.  (*Id*.)  Defendant Dr. Lam told Plaintiff the he was unable to determine if surgery was required and that he needed to see an orthopedic specialist immediately.  (*Id*. at 2-3.)  Dr. Lam and Defendant Dr. Clark did not refer Plaintiff to the specialist.  (*Id*. at 3, 5.)  Defendants Bright and Pagualaya were also responsible for scheduling outside appointments but delayed the request and mischaracterized the priority of the medical injury.  (*Id*. at 5.)

On May 23, 2025, Plaintiff was in an altercation with Defendant Jaimez where his broken finger was forcefully grabbed causing further injury to the finger and tearing the sutures.  (*Id*. at 3.)[2]  A new X-ray indicated that the fracture was displaced.  (*Id*.)  Plaintiff eventually received surgery two and a half months later.  (*Id*. at 5.)  Due to the delay, his finger had to be rebroken and two rods were permanently installed.  (*Id*.)  Plaintiff is still in pain and has limited range of motion with his hand and the ability to use it has been diminished.  (*Id*. at 5-6.)

## C.    Analysis

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."  *Id.* (citing *Estelle*, 429 U.S. at 104).  In order to prevail on a claim of deliberate indifference to medical needs, a plaintiff

---

[2] The Court already ordered service on the excessive force claim against Jaimez. (Dkt. No. 12.)

must establish that prison staff knew of the seriousness of those needs and chose a path that was both "medically unacceptable under the circumstances" and in "conscious disregard of an excessive risk to [plaintiff's] health." *Toguchi v. Chung*, 391 F.3d 1051, 1058-60 (9th Cir. 2004).

Plaintiff states a claim for deliberate indifference to serious medical needs against Dr. Lam, Dr. Clark, Bright, and Pagulaya.  Plaintiff states that Defendant Nurse Bagood told him he would see an orthopedic specialist within the week, but that did not occur. [3]  There are no other allegations against Bagood and these allegations fail to demonstrate a constitutional violation. This Defendant is dismissed.  Plaintiff names two additional correctional officers but provides few allegations against them.  He states that Defendants Avalos and Mora were present when Plaintiff was assaulted by Jaimez and that they corroborated Jaimez's factual account of the incident, which was untrue.  These brief allegations fail to state a deliberate indifference claim against Avalos and Mora, and they are dismissed from this action.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.     Plaintiff's motion for a case management conference (Dkt. No. 20) is DENIED. The Court will order a conference if required once Defendants have all been served.  Defendant's motion to screen the amended complaint (Dkt. No. 21) is GRANTED.  The Court orders service on Dr. Lam, Dr. Clark, Darrin Bright and Nurse Patrick Pagulaya at Salinas Valley State Prison. The remaining Defendants are DISMISSED from this action.

2.     Service on these Defendants shall proceed under the California Department of Corrections and Rehabilitation's e-service program for civil rights cases from prisoners in CDCR custody.  In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents:  the amended complaint (Dkt. No. 17) and its attachments; this order; a

---

[3] Nurse Bagood was not listed as a Defendant on the resubmitted complaint (Dkt. No. 17) but was listed as a Defendant on the late docketed complaint (Dkt. No. 16).  The Court will review the brief allegations against this Defendant.

4

CDCR Report of E-Service Waiver form; and a summons.  The Clerk also shall serve a copy of this order on Plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the Court which Defendant(s) listed in this Order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which Defendant(s) decline to waive service or could not be reached.  CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the Defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each Defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-285 Form.  The Clerk shall provide to the USMS the completed USM-285 forms and copies of this Order, the summons and the complaint for service upon each Defendant who has not waived service.

3.      On or before **August 3, 2026**, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claim(s) in the complaint found to be cognizable above.

a.      If Defendants elect to file a motion to dismiss on the grounds Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants shall do so in a motion for summary judgment, as required by *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

b.      If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.

4.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than forty-five (45) days from the date Defendants' motion is filed.

5.      Defendants shall file a reply brief no later than fifteen (15) days after Plaintiff's opposition is filed.

6.      The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

7.      All communications by the Plaintiff with the Court must be served on Defendants, or on Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under the Federal Rule of Civil Procedure is required before the parties may conduct discovery.

Plaintiff is reminded that state prisoners may review all non-confidential material in their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App. 1974); 15 California Code of Regulations § 3370; and the CDCR's Department Operations Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1.  Requests to review these files or for copies of materials in them must be made directly to prison officials, not to the Court.

Plaintiff may also use any applicable jail procedures to request copies of (or the opportunity to review) any reports, medical records, or other records maintained by jail officials that are relevant to the claims found cognizable in this Order.  Such requests must be made directly to jail officials, not to the Court.

9.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10.     Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

11.     A decision from the Ninth Circuit requires that *pro se* prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment motions at the time of

filing of the motions, rather than when the Court orders service of process or otherwise before the motions are filed. *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir. 2012). Defendants shall provide the following notice to plaintiff when he files and serves any motion for summary judgment:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

> *Rand v. Rowland*, 154 F.3d 952, 962-963 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated: June 12, 2026

RITA F. LIN
United States District Judge

7